UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WARREN OLIVER,

      Plaintiff,

v.                                  Case No. 5:15cv16/WS/CJK

SGT. GAFFORD, et al.,

      Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

      This cause is before the court upon plaintiff's filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2). Upon review of plaintiff's complaint, the court concludes this case should be dismissed as malicious for plaintiff's abuse of the judicial process. Plaintiff's motion to proceed *in forma pauperis* will be granted for the limited purpose of dismissing this action.

BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Dade Correctional Institution. (Doc. 1). Plaintiff was confined at Washington Correctional Institution at the time of the events giving rise to his

complaint.   Plaintiff's complaint, which names as defendants sixteen FDOC employees, alleges numerous wrongs perpetrated against plaintiff by one or more defendants, including a physical assault by one officer, a sexual assault by another, unjustified use of chemical agents by various officers, deprivation of food by yet others, retaliation by one officer for plaintiff's suing the officer's brother, medical deliberate indifference by various medical personnel, etc.   (Doc. 1, pp. 7-9).  Claiming violations of the First and Eighth Amendments, plaintiff seeks compensatory damages, punitive damages, a declaratory judgment and injunctive relief.  (Doc. 1, p. 10).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;   or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Plaintiff's complaint was signed and submitted to prison officials for mailing on February 6, 2015.  (Doc. 1, pp. 1, 10).  On page five of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question:   "Have you initiated other actions in **federal** court dealing with the same or similar facts/issues involved in this action?"  (Doc. 1, p. 5).[1]  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "Yes."  (*Id.*).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff disclosed two federal cases:  (1) *Oliver v. Harden*, Case No. 3:11cv964/RBD/MCR, a prisoner civil rights action plaintiff initiated in the United

---

[1]References to page numbers are to those assigned by the court's electronic filing system.

States District Court for the Middle District of Florida ("Middle District") in September of 2011; and (2) *Oliver v. Cuss*, Case No. 5:13cv209-WS-GRJ, a prisoner civil rights action plaintiff initiated in this court on June 3, 2013. (*Id.*). Plaintiff disclosed no other cases.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[2] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 6). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff indicated he had filed cases in four state courts located within the Fourth, First, Second and Eighth Judicial Circuits. (Doc. 1, p. 6). Plaintiff disclosed one such case (Case No. 13-CA-094), indicated that he "forgot the other cases", and stated that those cases involved claims of retaliation, illegal retention on close management, and false disciplinary reports. (Doc. 1, p. 6). Plaintiff disclosed no federal cases.

On the same page of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (Doc.

---

[2]Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "Yes," and disclosed one case: Leon County Circuit Court Case No. 2010-CA-1757. (Doc. 1, p. 5).

1, p. 6).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No."  (*Id.*).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff disclosed no cases.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**"  (Doc. 1, p. 10). Thus, plaintiff has in effect stated that at the time he filed his complaint, he had not initiated any other action in federal court challenging the conditions of his confinement, and had not had any action in federal court dismissed prior to service.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.   In the light of 28 U.S.C. § 1915(g)[3], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well

---

[3]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that at the time plaintiff filed his complaint in this case on February 6, 2015, plaintiff had initiated other civil actions in federal court that required disclosure.  On October 1, 2014, plaintiff filed a civil rights case in this court against numerous FDOC employees, claiming, essentially, that he was sexually assaulted by one officer and denied adequate medical treatment by others, while confined at Florida State Prison.  *See Oliver v. Whitehead, et al.*, Case No. 1:14-cv-184-MP-GRJ.  The case was transferred to the Middle District and assigned Case No. 3:14cv1213-HLA-JBT.  On November 5, 2014, the Middle District dismissed the case without prejudice prior to service, due to plaintiff's failure to comply with an order of the court.  Plaintiff re-filed the suit in the Middle District on December 18, 2014.  The case was assigned Case No. 3:14cv1506-BJD-JRK, and remains pending.  Plaintiff did not disclose any of these federal actions in the instant complaint.  The recency and present pendency of the litigation, and plaintiff's failure to disclose not one but all of these cases, belies any claim he may make that his non-disclosure should be excused by memory failure or confusion over the disclosure requirement.

In addition to the foregoing, plaintiff filed a case in this court duplicative of the action in Case No. 5:13cv209-WS-GRJ.  *See Oliver v. Cuss*, Case No. 5:13cv218-RS-GRJ.  The duplicative case (Case No. 5:13cv218), filed in June of 2013, was dismissed, prior to service, on July 15, 2013.  Plaintiff did not disclose the filing or dismissal of that duplicative action.

All of the foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department of Corrections' inmate number, DC #781409.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 5).  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The court should not allow plaintiff's false responses to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 12th day of February, 2015.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).